

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND, CHICAGO REGIONAL COUNSEL OF CARPENTERS WELFARE FUND, CHICAGO REGIONAL COUNCIL OF CARPENTERS APPRENTICE and TRAINEE PROGRAM FUND, and Their Trustees, <br><br> Plaintiffs, <br><br> v. <br><br> FAC CONSTRUCTION & DESIGN, INC. and FINANCIAL APPLICATIONS CORPORATION, <br><br> Defendants. | Case No. 11-CV-04303 <br><br> Judge John W. Darrah |

## MEMORANDUM OPINION AND ORDER

Defendants, FAC Construction & Design, Inc. ("Construction") and Financial Applications Corporation ("Applications"), move to dismiss Plaintiffs' ("Trust Funds") Amended Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. Defendants also move for sanctions in favor of Defendants and against Plaintiffs. For the reasons presented below, Defendants' Motion to Dismiss and Motion for Sanctions against Plaintiffs are denied. Plaintiffs' request for sanctions against Defendants in their Response brief is also denied.

## BACKGROUND

Plaintiffs filed this action pursuant to Section 502 of the Employee Retirement Income Security Act ("ERISA") and Section 301 of the Taft-Hartley Act. The Plaintiffs

receive contributions from employers under Collective Bargaining Agreements between the employers and the Carpenters' Union. Am. Comp. ¶ 2. Defendant Construction is one such employer who entered into an agreement with the Carpenters' Union, agreeing to be bound by a Collective Bargaining Agreement, which requires Defendant Construction to pay benefits to the Plaintiffs. *Id.* ¶ 3. Under this Collective Bargaining Agreement, Defendant Construction must contribute to the Trust Funds for each hour worked by union employees at the rate and in the manner specified under the Agreement. *Id.* ¶ 5. Defendant Construction must also contribute to the Trust Funds for the hours worked by subcontractors who are non-Union. *Id.* Under the Trust Funds and Collective Bargaining Agreements, Defendant Construction is further required to provide access to records so that the Trust Funds can determine if the Defendant has complied with the contribution obligations. *Id.* ¶ 6.

While auditing Defendant Construction's books, the auditors identified a related company, Defendant Applications. *Id.* ¶ 7. Plaintiffs sought to audit Defendant Applications' books, and this request was denied. *Id.* Based on their review of Defendant Construction's books, Plaintiffs believe Defendant Applications is related to Defendant Construction and that Defendant Applications also performs bargaining unit work. *Id.* ¶ 8. Plaintiffs further claim that Defendant Applications is an alter-ego, or a disguised continuance of Defendant Construction, and that Defendant Applications participated with Defendant Construction to avoid its Trust Fund obligations. *Id.* ¶ 9. Under the Trust Fund Agreements and Collective Bargaining Agreements, Plaintiffs

assert Defendants are required to pay liquidated damages, interest, auditor fees, and attorney's fees and court costs. *Id.* ¶ 11.

Defendants now move to dismiss this claim, stating Plaintiffs have failed to provide a factual basis supporting the allegation Defendant Applications is the alter-ego of Defendant Construction. Defendants further move to request sanctions against Plaintiffs, alleging Plaintiffs knew the allegations in Plaintiffs' Amended Complaint were false at the time of filing.

## LEGAL STANDARD

*Legal Standard for Reviewing for Motion to Dismiss*

To properly assert a claim in a complaint, the plaintiff must present: "(1) a short and plain statement of the grounds for the court's jurisdiction, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought." Fed. R. Civ. P. 8. Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (*Iqbal*) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*Twombly*)). While a court is to accept all allegations contained in a complaint as true, this principle does not extend to legal conclusions. *Iqbal* at 1949. The Federal Rules further provide that a defendant may assert a defense that the plaintiff failed "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To defeat a motion to dismiss under Rule 12(b)(6), a plaintiff must plead sufficient factual matter to state a claim for relief that is "plausible on its face." *Iqbal* at 1949 (citing *Twombly* at 570). "While legal conclusions can provide

the complaint's framework, they must be supported by factual allegations." *Iqbal* at 1939. A threadbare statement of a claim supported by a conclusory statement is insufficient. *Iqbal* at 1939 (citing *Twombly* at 555).

*Legal Standard Governing Motion for Sanctions*

Sanctions are governed by Rule 11 of the Federal Rules of Civil Procedure. "A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)." Fed. R. Civ. P. 11(c)(2). In filing a pleading with the court, the party certifies to the best of its knowledge that the claims are warranted under existing law. Fed. R. Civ. P. 11(b)(2). Sanctions are deemed appropriate where the party has not filed a complaint for proper purposes, but instead presents its claims to harass or cause unnecessary delay or expense. Fed. R. Civ. P. 11(b)(1). To determine if sanctions are warranted, the district court must consider the underlying dispute from two perspectives. First, in a subjective review of the facts, there must be a finding of "good faith (that is that the paper is not interposed to harass) (citation omitted). Second 'there must be reasonable inquiry into both fact and law . . . the legal theory must be objectively warranted by existing law; and the lawyer must believe that the complaint is well grounded in fact.'" *Tabrizi v. Village of Glen Ellyn*, 883 F.2d 587, 592 (7th Cir. 1989) (*Tabrizi*).

## ANALYSIS

*Defendants' Motion to Dismiss*

Defendants move to dismiss Plaintiffs' claim for failure to state a claim upon which relief can be granted. Defendants assert Plaintiffs' Amended Complaint provides

4

only conclusory statements regarding Defendant Applications' relationship with Defendant Construction. Defendants argue Plaintiffs fail to provide any factual basis for this alleged relationship, which is necessary for Plaintiffs to recover damages from Defendants. While the pertinent allegations in Plaintiffs' Amended Complaint are somewhat lean, they are sufficient to meet the pleading standard required under Federal Rule 8: providing a short statement demonstrating Plaintiffs are entitled to relief.

In this regard, Plaintiffs specifically allege when they audited Defendant Construction's books, they discovered that Defendant Applications was a related company. When they tried to investigate this further, Defendant Applications refused to submit to the audit. Plaintiffs also state Defendant Applications, too, performed bargaining unit work and that Defendant Applications helped Defendant Construction avoid Trust Fund obligations. Taking all of this information to be true, the claim alleged by Plaintiffs is, at the very least, plausible on its face and sufficient to survive a motion to dismiss. *See Iqbal* at 1939. Moreover, the allegations of the Amended Complaint are taken as true and considered in the light most favorable to the Plaintiffs. *See Santiago v. Walls*, 599 F.3d 749, 756 (7th Cir. 2010). Plaintiffs' Amended Complaint provides enough factual information to give Defendants fair notice of the claim and its basis. *Id.* As such, Defendants' Motion to Dismiss the Plaintiffs' Amended Complaint for failure to state a claim upon which relief may be granted is denied.

*Motion for Sanctions Against Plaintiffs*

Defendants have filed a motion seeking sanctions against the Plaintiffs and in favor of the Defendants. Defendants allege Plaintiffs have no reasonable basis in their allegations and that Plaintiffs' claims are baseless.

First, the Court must review the Amended Complaint for subjective bad faith. *Tabrizi* at 592. In examining the Plaintiffs' Amended Complaint, it cannot be said that Plaintiffs asserted their claims in bad faith, or to simply harass or cause undue delay and expense. Plaintiffs' allegations that Defendant Applications is linked to Defendant Construction appear to have been made in good faith, considering the facts Plaintiffs have alleged to be true. Rather, the Amended Complaint seeks to determine if additional money is due to the Trust Funds from Defendant Applications and Defendant Construction. No subjective bad faith is apparent.

Second, the Court must review the Amended Complaint to determine if there is objective support under the law. *Tabrizi* at 592. Again, taking Plaintiffs' allegations to be true, if Defendant Applications is, in fact, the alter-ego of Defendant Construction, Defendants could owe Plaintiffs money under the Trust Funds and Collective Bargaining Agreements. Plaintiffs' allegations do not show reckless indifference for the law but, instead, appear to be reasonably warranted under existing law.

Therefore, Defendants' Motion for Sanctions is denied. Furthermore, to the extent that Plaintiffs have also moved for sanctions against Defendants in their Response brief, this request is denied. Plaintiffs have failed to file a motion for sanctions that is entirely separate from any other motions, nor have they pointed to any specific conduct that violates Rule 11(b), as required by Federal Rule of Civil Procedure Rule 11(c)(2).

## CONCLUSION

For the reasons set forth above, the Defendants' Motion to Dismiss and Motion for Sanctions against Plaintiffs are denied. Plaintiffs' request in their Response Brief for sanctions against Defendants is also denied.

Date: 12-15-11

JOHN W. DARRAH
United States District Court Judge